{¶ 17} I disagree with the majority's conclusion that Lloyd's lacks standing to prosecute this appeal. Therefore, I respectfully dissent.
 {¶ 18} Lloyd's standing to raise the issue of privilege on behalf of a third party and its "standing to prosecute the appeal" are two distinct issues.
 {¶ 19} The majority apparently does not dispute that the lower court's judgment constituted a final appealable order. This is because orders relating to "discovery of [a] privileged matter" fall under the statutory definition of an order granting or denying a "provisional remedy" under R.C. 2505.02(A)(3). Grove v. Northeast Ohio NephrologyAssoc, Inc., 164 Ohio App.3d 829, 2005-Ohio-6914 at ¶ 8. TheGrove court further held that an order determining the discovery of a privileged matter "prevents] a judgment in favor" of the appellant, since "appealing subsequent to [such a judgment] would not be *Page 7 
meaningful because * * * the privilege would have already been compromised." Id. at ¶ 9, citing R.C. 2505.02(B)(4).
 {¶ 20} R.C. 2501.02, determining the jurisdiction of an appellate court, states that "[i]n addition to the original jurisdiction conferred by Section 3 of Article IV, Ohio Constitution, the court shall have jurisdiction upon questions of law to review, affirm, modify, set aside, or reverse judgments or final orders of courts of record inferior to the court of appeals." (Emphasis added). Thus, our court possesses the requisite jurisdiction to address the instant appeal.
 {¶ 21} Despite the fact that a final order existed, the majority nevertheless concludes that dismissal was appropriate, because Lloyds "lacked standing to prosecute the appeal." This holding is based upon the fact that as a third party, Lloyds cannot assert the privilege on another's behalf. While I do not dispute that Lloyds, as a third party, generally cannot assert the privilege on behalf of another, this is not the only, nor the primary issue before us on appeal.
 {¶ 22} Lacking standing to assert privilege, Lloyd's Motion to Quash was properly denied. Mrs. Schmidt's personal representative has not intervened to assert privilege in this case. Absent the protection of privilege, Progressive has the right to depose Drs. Anschuetz and Rothenberg.
 {¶ 23} Moreover, the actual issue before us is whether a prior valid waiver of the physician-patient privilege in the wrongful death action by Mrs. Schmidt's estate extends to the matter presently before the court.
 {¶ 24} With regard to this issue, a review of the case law indicates a split of authority among the districts on this issue. The Twelfth District has held that a waiver of *Page 8 
the physician-patient privilege in one case was "not for the benefit of appellant for use in a separate action." Asbrock v. Brown (Aug. 18, 1997), 12th Dist. No. 97-01-002, 1997 Ohio App. LEXIS 3655, at *6. The Second District has held that such prior waiver may be applicable in a separate case: "[I]t is well settled that, by filing a civil action which puts * * * medical or physical health at issue, a plaintiff waives the physician-patient privilege in that case." Menda v. SpringfieldRadiologists, Inc. (2000), 136 Ohio App.3d 656, 660 (emphasis sic). However, "[t]he trial court must [still] determine what information is sufficiently relevant so as to be admissible at trial after the medical records have been disclosed." Id. at 661.
 {¶ 25} In Menda, the court noted that while the physician-patient privilege is intended to be used as a "shield of privacy," it is "illogical `to claim protection from exposure by asserting a privilege for communicating to doctors,'" when the patient is willing to parade "`before the public the mental or physical condition as to which he consulted the doctor by bringing an action for damages arising from that same condition.'" Id. at 659 (citation omitted). This reasoning is persuasive. An individual cannot turn the physician-patient privilege on and off like a faucet simply to allow the individual to collect damages and then frustrate a subsequent subrogation action by the insurance company that pays those damages.
 {¶ 26} While I do not agree with the trial court's conclusion that Progressive had the power to waive the privilege by virtue of "standing in the shoes of the insured," I would affirm the lower court's decision for the reasons discussed above. *Page 9 
 {¶ 27} Based upon the aforementioned analysis, Lloyds had standing to prosecute the appeal. However, Lloyd's arguments lack merit. I respectfully dissent, and would affirm the lower court's decision. *Page 1